**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

Brittany Walther,

        Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

Case No. 1:16-cv-00967

Barrett, J.
Bowman, M.J.

### ORDER

This matter is before the Court upon the Magistrate Judge's February 20, 2018 Report and Recommendation ("R&R"), which recommends that the decision of the Defendant Commissioner be affirmed and this matter be closed on the docket of the Court. (Doc. 16).

Notice was given to the parties under 28 U.S.C. § 636(b)(1)(C ) and Fed. R. Civ. P. 72(b) (Doc. 16, PageID1198). Plaintiff Walther timely filed objections to the R&R on March 6, 2018. (Doc. 17). The Defendant Commissioner did not respond to the objections, despite an opportunity to do so. This matter is now ripe for review.

    **I.**    **LEGAL STANDARD**

When objections to a magistrate judge's report are received on a dispositive matter, the assigned district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended decision; receive

1

further evidence; or return the matter to the magistrate judge with instructions." *Id. See also* 28 U.S.C. § 636(b)(1).

## I. **BACKGROUND AND ANALYSIS**

Plaintiff, who has no work history, filed an application for Disability Insurance Benefits (DIB) due to alleged mental and physical impairments. Finding that Plaintiff retains residual functioning capacity ("RFC") to perform a full range of work, with certain limitations, the ALJ denied her claim. The Magistrate Judge provided a comprehensive summary of the administrative record and the same will not be repeated here except to the extent necessary to address Plaintiff's objections.

Plaintiff asks that this Court "carefully review the arguments set forth in Plaintiff's Statement of Specific Errors [Doc. 10] in addition to the arguments presented herein." (Doc. 17; PageID# 1141). It is not clear whether Plaintiff is attempting to incorporate by reference all previously asserted grounds for reversal in her objections. Regardless, the Court will only consider Plaintiff's *specific* objections to the R&R. *Renchen v. Comm'r of Soc. Sec.*, No. 1:13-cv-752, 2015 U.S. Dist. LEXIS 29910, at *3-4 (S.D. Ohio Mar. 11, 2015) ("Merely restating arguments previously presented, stating a disagreement with a magistrate judge's suggested resolution, or simply summarizing what has been presented before is not a specific objection that alerts the district court to the alleged errors on the part of the magistrate judge.").

Plaintiff raises one specific objection to the R&R: "the ALJ failed to properly evaluate the mental health opinions provided by the treating source doctors," Dr. Andrew Smith

(treating psychologist) and Dr. Rina Mina (treating rheumatologist). (Doc. 17; PageID 1140).[1]

The Magistrate Judge correctly observed that, in evaluating opinion evidence, "[t]he ALJ 'must' give a treating source opinion controlling weight if the treating source opinion is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques' and is 'not inconsistent with the other substantial evidence in [the] case record.'" *Blakley v. Commissioner of Social Sec.,* 581 F.3d 399, 406 (6th Cir.2009) (quoting *Wilson v. Commissioner,* 378 F.3d 541, 544 (6th Cir.2004). If the ALJ does not accord controlling weight to a treating physician, the ALJ must still determine how much weight is appropriate by considering a number of factors, including the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and any specialization of the treating physician. *Wilson,* 378 F.3d at 544; *see also* 20 C.F.R. § 404.1527(d)(2).

Furthermore, an ALJ must "always give good reasons in [the ALJ's] notice of determination or decision for the weight [the ALJ] give[s] [the claimant's] treating source's opinion." 20 C.F.R. § 404.1527(d)(2); *but see Tilley v. Comm'r of Soc. Sec.,* No. 09–6081, 2010 WL 3521928, at *6 (6th Cir.Aug.31, 2010) (indicating that, under *Blakely* and the good reason rule, an ALJ is not required to explicitly address all of the

---

[1] The Court will consider the Statement of Specific Errors to the extent that it relates to Plaintiff's specific objections.

3

six factors within 20 C.F.R. § 404.1527(d)(2) for weighing medical opinion evidence within the written decision).

In recommending that the Commission's decision be affirmed, the Magistrate Judge cited multiple "good reasons" for discounting the opinions of the treating sources, which were first noted by the ALJ. In her objections, Plaintiff takes issue with the three "good reasons" offered: (1) the medical source statement "skewed the meaning of mild and moderate as those terms are defined by Social Security regulations"; (2) Dr. Smith's opinion was inconsistent with the "conservative nature of Ms. Walther's mental health treatment"; and (3) Dr. Smith opined that Plaintiff's limitations "existed since September 30, 2009, even though [he] began treatment with Ms. Walther in March of 2013." (Doc. 17; PageID 1141-42). Plaintiff asserts that the foregoing "good reasons" offered by the ALJ do not satisfy the procedural requirements necessary for discrediting the opinions of a treating source doctor. (Doc. 17: PageID# 1141). The Court disagrees.

First, Plaintiff challenges the ALJ's conclusion that Dr. Smith skewed the meanings of "mild and moderate as those terms are defined by Social Security regulations." (*Id.*) By way of additional background, it appears that Dr. Smith completed an "attorney-generated questionnaire regarding [Plaintiff's] abilities to work from a mental standpoint." (Doc. 8-2; PageID# 55). The ALJ observed that *counsel* "skewed" the definitions of "mild" and "moderate" as "those terms are defined by Social Security regulations." (*Id.*)

Plaintiff argues that the Social Security "regulations and rulings do not define these terms," so it was impossible for counsel and in turn Dr. Smith to "skew" such definitions.

4

(Doc. 10; PageID 1078). The Court agrees that the regulations do not define the terms; however, in analyzing the ALJ's decision as a whole, the undersigned interprets the ALJ's conclusion as referring to the commonly accepted definitions of "mild" and "moderate" as applied in the Social Security context. *See, e.g., Ziggas v. Colvin*, No. 1:13-CV-87, 2014 U.S. Dist. LEXIS 62517, at *16-17 (S.D. Ohio May 6, 2014); *Denham v. Comm'r of Soc. Sec.*, No. 2:15-cv-2425, 2016 U.S. Dist. LEXIS 115563, at *10 (S.D. Ohio Aug. 29, 2016). Plaintiff admits that her definitions of mild and moderate "differ[ed] from the ALJ's preferred standards." (Doc. 10, PageID 1078). It was not improper for the ALJ to discount Dr. Smith's conclusions, to adjust for his reliance on definitions not entirely in alignment with the commonly accepted definitions of "mild" and "moderate" as used in the Social Security context. Furthermore, despite Dr. Smith's use of "differing" definitions, the ALJ still accorded Dr. Smith's opinion "some weight." (Doc. 10; PageID 1078).

Next, the ALJ discounted the opinion of Dr. Smith because it was inconsistent with the "conservative nature of Ms. Walther's mental health treatment." (*Id.*) In reaching this conclusion, the ALJ relied on 20 C.F.R. § 416.927(c)(3)-(4) (medical opinions evaluated for supportability and consistency). By way of additional background, Dr. Smith opined that there were several work activities which he believed were impaired enough that Ms. Walther would be off task up to 25% of the workday or work week: namely, her ability to perform and complete work tasks in a normal work day or work week at a consistent pace; ability to perform at production levels expected by most employers; ability to behave predictably, reliably and in an emotionally stable manner; ability to tolerate customary work pressures. (Tr. 521-24). Dr. Smith also indicated that Ms. Walther's

5

mental health issues would likely result in Ms. Walther's condition deteriorating if she were placed under stress, particularly the stress of an 8-hour per day, 5 day per week job, due to her mental health diagnoses.  The Magistrate Judge concluded that the ALJ properly discounted this opinion, because Plaintiff's medical record indicated no hospitalizations, minimal treatment, and significant response to medications.

Plaintiff argues that there is no requirement that a claimant be "psychiatrically hospitalized" in order to be eligible for disability.  As a general principle, the Court agrees.  However, the ALJ did not base his conclusion solely on Plaintiff's lack of prior hospitalizations.  The ALJ also balanced the extent to which Plaintiff has been treated, and her response to medication.  While Dr. Smith described a history of depression and anxiety, and the record reflected past struggles at school, Plaintiff's objections do not appear to challenge that Plaintiff has responded to her medications.  Ultimately, the ALJ was entitled to discount Dr. Smith's opinion in light of Plaintiff's overall treatment record.

Finally, the ALJ discounted Dr. Smith's opinion that Plaintiff's limitations began in 2009, observing that Dr. Smith began treating Plaintiff in 2013. Contrary to Plaintiff's characterization, the ALJ did not "discredit [Dr. Smith] as a whole" for making this observation.  (Doc. 17;PageID 1142).  The ALJ simply noted that that Dr. Smith's pre-2013 conclusions were "at best speculative."  (*Id.*)

Ultimately, the "good reasons" offered by the ALJ were sufficient.  Furthermore, contrary to Plaintiff's argument, the fact that Dr. Smith and Dr. Mina were in agreement regarding Plaintiff's mental limitations does change this Court's assessment of the ALJ's decision.  Plaintiff argues that it was improper for the ALJ to wholly disregard Dr. Mina's

opinion regarding Plaintiff's mental limitations, due to her lack of specialization, reasoning that a "medical source's specialty is only a single factor to consider in 20 C.F.R. § 404.1527(c)."  (Doc. 17; PageID 1144).   Even if this Court were to hold that is was inappropriate to entirely discredit Dr. Mina's conclusions on the basis of her non-psychiatric specialty, the ALJ noted other issues with Dr. Mina that diminished her credibility when offering opinions within her own field.  (Doc. 8-2; PageID 55) (noting Dr. Mina's "gross exaggeration" regarding Plaintiff's physical limitations, where the record included evidence that Plaintiff routinely trains and rides horses).  If the ALJ had doubts about Dr. Mina's credibility when offering opinions within her own specialty, it was fair for him to doubt her credibility when venturing outside her specialty.   Based on the record before the Court, the undersigned will not second guess the manner in which the ALJ balanced the opinions of Dr. Smith and Dr. Mina.

## **CONCLUSION**

For the foregoing reasons, the R&R (Doc. 16) is **ADOPTED** in its entirety. Plaintiff's objections (Doc. 17) to the R&R are **OVERRULED**. The decision of the Commissioner is **AFFIRMED**, and this matter shall be **CLOSED and TERMINATED** from the active docket of this Court.

**IT IS SO ORDERED.**

 s/ *Michael R. Barrett*
UNITED STATES DISTRICT JUDGE